Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2232 | **DATE** | 7/29/02 |
| **CASE TITLE** | Bailey vs. Sheahan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court dismisses for failure to exhaust administrative remedies Bailey's claims concerning ventilation, shaving and haircuts, sitting space, clothes washing facilities, the law library, social services, and his medical care following the 2/25/01 fall. The claims against defendants Sheahan and Noel are likewise dismissed. The Clerk is directed to issue a summons to defendant Ernesto Valasco and to attach a notice of availability of Magistrate Judge and a copy of this memorandum opinion to the summons, and to send the plaintiff the same notice as well as the Court's standard instructions for submitting documents along with a copy of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 0 7 2002 | |
| | Notified counsel by telephone. | | date docketed | 6 |
| ✓ | Docketing to mail notices. | | SB | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| | OR | courtroom deputy's initials | 02 AUG -6 PM 3:01 | date mailed notice |
| | | | 01 04 Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAVIER P. BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 02 C 2232 |
| | ) |
| MICHAEL F. SHEAHAN, Sheriff of Cook County; ERNEST VELASCO, Director of Cook County Jail; and R/O MS. NOEL, | ) ) ) ) |
| | ) |
| Defendants. | ) |

DOCKETED AUG 0 7 2002

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On May 3, 2002, the Court dismissed the complaint of *pro se* plaintiff Javier Bailey, a pretrial detainee at the Cook County Jail, and gave him leave to file an amended complaint. Bailey did so on May 30, 2002. The Court reviews the amended complaint to determine whether it states a claim against the various defendants and whether Bailey has properly alleged that he exhausted administrative remedies available at the Jail. 28 U.S.C. §1915(e)(2)(b); 28 U.S.C. §1915A; 42 U.S.C. §1997e(a).

Bailey claims that in late December 2000, he was placed in a cell that had been condemned in 1993. Because of a cracked foundation, water containing dirt, worms, roaches and rust leaked into the cell, and rodents entered the cell and crawled on him. He notified officers of the conditions and filed grievances in January and mid-February 2001, but received no response other than statements by officers that the matter was being looked into. Bailey alleges that on Sunday, February 25, 2001, he slipped on standing water on the cell's floor and fell, scraping his back on the edge of the metal bunk beds and landing on his buttocks. He says that a layer of skin

was removed, causing him to bleed, and leaving a scar. The fall also caused back injuries which he says still affect him today. Bailey requested medical attention and spoke with an officer Noel, who told him that no one answered when she called the dispensary. He saw a doctor the next day, who gave him aspirin but declined to order an x-ray. In his amended complaint, Bailey makes claims concerning the conditions of his cell, the slip and fall, and the alleged denial of medical care, as well as claims concerning inadequate ventilation, restrictions on shaving and haircuts, access to the law library and social services, and inadequate sitting space and facilities for washing clothes.

The Court's May 3 order noted that Bailey's original complaint did not include allegations reflecting that he had filed and pursued grievances regarding his claims. Under the Prison Litigation Reform Act (PLRA), before filing suit a prisoner must exhaust internal remedies, including appeals, established by the institution. 42 U.S.C. §1997e(a); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Bailey has attached several grievances to his amended complaint, but they concern only the conditions in his cell, the fall, and the medical care issue. All of his remaining claims must therefore be dismissed for failure to exhaust administrative remedies. The Court reaches the same conclusion regarding Bailey's claim for denial of medical care following the fall. The only grievance Bailey has attached regarding that issue was made on the day of the fall and concerned only the initial one-day delay in obtaining care. The amended complaint gives no basis to believe that the one-day delay caused Bailey any harm at all, even though the Court called that issue to Bailey's attention in the May 3 order. Bailey has not attached any grievances regarding the care that he received from the unnamed doctor the day after the fall. He thus cannot pursue a claim regarding the adequacy of the treatment he received on that day.

2

This leaves only Bailey's claims regarding the conditions in his cell and the slip and fall. Bailey filed grievances regarding these claims but alleges that he never received responses other than claims that the matter was being looked into. Though there is no "futility" exception to the PLRA's exhaustion requirement, *see Massey v. Wheeler,* 221 F.3d 1030, 1034 (7th Cir. 2000), the institution's failure to respond to a properly-filed grievance can, depending on the circumstances, excuse exhaustion. *Compare Foulk v. Charrier,* 262 F.3d 687, 698 (8th Cir. 2001) (defendant failed to show that further procedures were available after institution failed to respond to grievance) *with Martinez v. Williams,* 186 F. Supp. 2d 353, 356 (S.D.N.Y. 2002)(inmate who did not receive response to grievance should have filed next-level appeal to challenge failure to respond). *See generally O'Connor v. Featherston,* No. 01 CIV 3251, 2002 WL 818085, at *2 (S.D.N.Y. Apr. 29, 2002). Based on Bailey's allegations, the Court will permit these claims to proceed, without prejudging whether Bailey ultimately will be able to show that he exhausted the Jail's internal remedies.

The Court also assesses whether Bailey can state a claim regarding the slip and fall. To sustain his claim, Bailey ultimately will have to show that he suffered a serious injury due to the defendants' deliberate indifference, i.e., that the defendants were aware of a substantial risk of serious injury to Bailey but failed to take appropriate steps to protect him. *See, e.g., Butera v. Cottey,* 285 F.3d 601, 605 (7th Cir. 2002). Without deciding whether Bailey will prevail, his allegations that the cell had been condemned in 1993 and that he had filed grievances about the water on the floor suggest that Jail authorities knew of the danger and therefore suffice to allow him to proceed with that claim.

Bailey has not identified the particular officers or officials who failed to move him from his cell. Rather, he has sued the Sheriff and the Executive Director of the Jail. In *Antonelli v.*

3

*Sheahan*, 81 F.3d 1422 (7th Cir. 1996), the court stated that such high level officials ordinarily cannot be held liable for "clearly localized, non-systemic violations." *Id.* at 1428-29. But if Bailey's cell was on record since 1993 as having been condemned and thus presumably in need of repair, it is conceivable that it is the type of violation for which an official like Velasco, who has overall responsibility for the Jail, may have responsibility. In addition, Velasco is in a position to identify the unnamed officers who allegedly did not remove Bailey from the cell. *Antonelli*, 81 F.3d at 1428; *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). However, Sheahan, the Sheriff of Cook County, is too far removed from particularized conditions at the Jail to be held liable. The claims against Sheahan must therefore be dismissed.

## Conclusion

For the foregoing reasons, the Court dismisses for failure to exhaust administrative remedies Bailey's claims concerning ventilation, shaving and haircuts, sitting space, clothes washing facilities, the law library, social services, and his medical care following the February 25, 2001 fall. The claims against defendants Sheahan and Noel are likewise dismissed. The Clerk is directed to issue a summons to defendant Ernesto Velasco and to attach a Notice of Availability of Magistrate Judge and a copy of this Memorandum Opinion to the summons, and to send the plaintiff the same Notice as well as the Court's standard Instructions for Submitting Documents along with a copy of this order.

MATTHEW F. KENNELLY
United States District Judge

Date: July 29, 2002

4